IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18–09–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| DEZMEN TAMIRE PATRON, | |
| Defendant. | |

On August 14, 2023, Defendant Dezmen Tamire Patron filed a motion to reduce his 126-month federal sentence for Conspiracy to Distribute Methamphetamine and Possession of a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 3582(c)(1)(A). (Doc. 86; *see* Doc. 65.) His projected release date is April 17, 2027. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed November 27, 2023). On August 15, 2023, counsel was appointed to represent the defendant. (Doc. 87.) Appointed counsel filed an amended motion on October 14, 2023. (Doc. 91.) The government opposes. (Doc. 92.) For the reasons stated below, Patron's motion is denied.

1

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).[1] Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Patron argues that his mental health issues bolstered by his rehabilitative efforts warrant a sentence reduction. Ultimately, Patron has not established an extraordinary and compelling reason to reduce his sentence.

---

[1] On November 1, 2023, the Sentencing Commission amended its policy statements to further define "extraordinary and compelling reasons." *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (*available at* https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023). Although the amendments were not in effect when the parties briefed this matter, the Court's decision incorporates the enacted changes.

I.      **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Patron filed a request for relief with the warden at his facility on September 14, 2023, and it was denied on October 11, 2023. (*See* Doc. 92-1.) Patron has therefore exhausted his administrative remedies as required by statute.

II.     **Extraordinary and Compelling Reasons**

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including "medical circumstances of the defendant." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1). Specific examples include circumstances where a defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C). The Sentencing Commission also explains that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Patron received a mental health evaluation on April 2, 2018, that indicated he suffers from Major Depressive Disorder in addition to Bi-Polar Disorder and Post Traumatic Stress Disorder, which were diagnosed in 2015 during his time at Normative Services Academy. (PSR ¶¶ 99–100.) Since his incarceration, Patron takes medication for his mental health disorders and receives regular counseling. (Doc. 91-4.) While Patron's mental health diagnoses are serious, he does not elaborate on how his current treatment is ineffective or would be improved by his release. Patron's medical records show that his medication regimen has been consistent since starting his current medication at the beginning of 2022 with no notation that change is needed. (*Id.*)

While Patron has a history of mental health issues, including suicide attempts at the age of 11, and was diagnosed with Post Traumatic Stress Disorder, Bi-Polar Disorder, and Depressive Disorder at 15 years old, medical records indicate that Patron is stable on his current medication. (*See* Doc. 91-3; PSR ¶¶ 98–100.) Patron presents no evidence that he has suffered or is likely to suffer serious deterioration to his health or death. Without evidence that Patron is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," his mental health issues do not rise to the level of

4

extraordinary or compelling under the guidelines. U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(C).

Patron's additional argument that he has an increased risk of COVID-19 is also unpersuasive. (Doc. 91.) Patron's records show that he was asymptomatic during his one instance of a COVID-19 diagnosis. (Doc. 91-8.) Therefore, Patron's argument that COVID-19 presents an increased risk to his health is uncompelling given the availability of vaccines and his asymptomatic history.

Finally, Patron argues that his rehabilitation while incarcerated supports his extraordinary and compelling reason for compassionate release. Patron has successfully completed many rehabilitative programs while incarcerated, which will serve him well upon release. (Doc. 91-6.) It is also laudable that he retains the support of his former foster parents and has a sufficient support network that encourages his rehabilitation. (Doc. 91-7.) While commendable, absent a primary extraordinary and compelling reason, Patron's rehabilitation alone does not warrant a sentence reduction. U.S. Sent'g Guidelines Manual § 1B1.13(d).

Accordingly, Patron has not established an extraordinary and compelling reason for a sentence reduction.

### III. Section 3553(a) Factors

Additionally, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine

5

whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Section 3553(a) factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Here, even assuming his mental health issues are extraordinary and compelling, the federal sentencing objectives do not weigh in Patron's favor. Despite Patron's argument that he received a disproportionately longer sentence than some similarly situated defendants, Patron fails to show how his mandatory minimum sentence is an unwarranted sentence disparity. Patron actively participated in distributing methamphetamine within the Missoula area. (PSR ¶¶ 18–60.) From September 1, 2017, to February 6, 2018, Patron was responsible for the distribution of approximately 510 grams of methamphetamine. (*Id.* ¶ 60.) Investigators also discovered that Patron would frequently possess firearms and would barter firearms for methamphetamine. (*Id.*) Based on this conduct, his

6

advisory guideline range was 120 months to life imprisonment due to the mandatory minimums. (*Id.* ¶ 115.) Patron was sentenced to 126 months. (Doc. 65.) His existing sentence therefore already reflects a favorable consideration of his criminal history, his willingness to pursue treatment, and his health concerns. Put simply, Patron's sentence was the lowest the Court could justify in light of his conduct. Reducing Patron's sentence to the approximately 96 months that he requests would denigrate the seriousness of his crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## Conclusion

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 86, 91) is DENIED.

DATED this 8th day of December, 2023.

_____
Donald W. Molloy, District Judge
United States District Court